UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| U.S.A. DAWGS, INC., | Case No. 2:16-CV-1694 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| CROCS, INC., et al., | |
| Defendant(s). | |

Presently before the court is the matter of *U.S.A. Dawgs, Inc. et al v. Crocs, Inc.*, case no. 2:16-cv-01694-JCM-PAL.

The court is presently considering defendant Crocs, Inc.'s ("Crocs") renewed motion for sanctions. (ECF No. 59). The court previously denied Crocs' first motion for sanctions for its failure to fully brief all the "lodestar" and Rule 54-14(b) factors.[1] *See* (ECF Nos. 29, 41). Thereafter, the court denied Crocs' motion to supplement its motion for sanctions in light of the bankruptcy stay that commenced in this case on February 1, 2018. *See* (ECF Nos. 42, 57).

In the present renewed motion for sanctions, Crocs asks the court to adjudicate its original motion for sanctions, based upon the information contained in its original motion and supplement. (ECF No. 59). However, the court finds that Crocs has not satisfied the court's request for further discussion of the "lodestar" and Rule 54-14(b) factors pertaining to awards of attorney's fees.

Indeed, even if the court had granted Crocs' motion to supplement, its discussion of these factors remains incomplete.

---

[1] The "lodestar" factors are the same as those set forth by Local Rule 54-14(b)(3). *See* LR 54-14(b)(3); *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992).

**James C. Mahan**
**U.S. District Judge**

> [A] motion for attorney's fees must include the following in addition to those matters required by Fed. R. Civ. P. 54(d)(2)(B):
>
> (1) A reasonable itemization and description of the work performed;
> (2) An itemization of all costs sought to be charged as part of the fee award and not otherwise taxable under LR 54-1 through 54-13;
> (3) A brief summary of:
>
>   (A) The results obtained and the amount involved;
>   (B) The time and labor required;
>   (C) The novelty and difficulty of the questions involved;
>   (D) The skill requisite to perform the legal service properly;
>   (E) The preclusion of other employment by the attorney due to acceptance of the case;
>   (F) The customary fee;
>   (G) Whether the fee is fixed or contingent;
>   (H) The time limitations imposed by the client or the circumstances;
>   (I) The experience, reputation, and ability of the attorney(s);
>   (J) The undesirability of the case, if any;
>   (K) The nature and length of the professional relationship with the client;
>   (L) Awards in similar cases; and
>   (M) Any other information the court may request.

LR 54-14(b). *See also Kerr*, 526 F.2d at 70.

Therefore, the court hereby orders Crocs to submit a supplemental brief containing a full discussion of all the required factors, including those already discussed in previous motions. Crocs need not discuss its eligibility for attorney's fees pursuant to 28 U.S.C. § 1927, as the court finds that this issue has been fully briefed.

Accordingly,

IT IS ORDERED THAT Crocs shall file a supplemental brief within fourteen (14) days from the date of this order discussing the Rule 54-14(b) factors. Failure to follow the relevant federal or local rules pertaining to motions for attorney's fees will result in denial of the underlying motion.

IT IS SO ORDERED.

DATED January 18, 2019.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**